UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID COTTO,

    Plaintiff,

    v.   CAUSE NO. 3:24-CV-972-JD-JEM

MONTREL McGEE, et al.,

    Defendants.

OPINION AND ORDER

David Cotto, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding against Baili Appleton and Lauren Rogers (the "medical defendants") "for deliberate indifference to his need for mental health treatment in violation of the Eighth Amendment[.]" ECF 10 at 12. Second, he is proceeding against Montrel McGee, Joshua Snow, Neil Johnson, Niles Wise, Drew McKibbin, Trevor Heishman, and Nathanael Angle (the "state defendants") for "retaliating against him for filing grievances and a notice of tort claim" by subjecting him to repeated strip searches and transferring him to a long-term segregation unit with harsh conditions, in violation of the First Amendment. *Id.* Third, he is proceeding against the state defendants "for subjecting him to repeated strip searches without a legitimate penological justification in violation of the Eighth Amendment[.]" *Id.* at 13. The state defendants filed a motion for summary judgment, arguing Cotto did not exhaust his available administrative remedies before filing this lawsuit. ECF 27. Cotto filed a response, and the state defendants filed a reply. ECF 40, 41. The medical defendants

filed a separate motion for summary judgment, also arguing Cotto did not exhaust his available administrative remedies before filing this lawsuit. Cotto did not file any response to the medical defendants' summary judgment motion, and the time for doing so has expired.[1] Both summary judgment motions are now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the

---

[1] Cotto's response to the state defendants' summary judgment motion does not mention or address his claim against the medical defendants. Nevertheless, the court will consider the arguments Cotto raises in his response to the state defendants' summary judgment motion in ruling on the medical defendants' summary judgment motion, to the extent the arguments are relevant.

claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

<u>State defendants</u>

Cotto is proceeding against the state defendants for (1) violating his Eighth Amendment rights by subjecting him to repeated strip searches without a legitimate penological justification, and (2) violating his First Amendment rights by subjecting him to repeated strip searches and transferring him to a long-term segregation unit in retaliation for filing grievances and a notice of tort claim.

The state defendants provide Cotto's grievance records, a copy of the Offender Grievance Process, and an affidavit from the prison's Grievance Specialist, which show the following facts: The Offender Grievance Process, which was available to Cotto at all

3

times, required him to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 27-1 at 2, 5; ECF 27-2 at 3. Cotto submitted two grievances relevant to his claims against the state defendants: Grievance 179043 and Grievance 183293. ECF 27-4 at 14, 18. In both grievances, Cotto complained he was subjected to harassing strip searches in retaliation for filing grievances. *Id*. The grievance office issued a response to both grievances denying the grievances on their merits, concluding the strip searches were justified under the circumstances. *Id.* at 17, 21. Cotto never submitted a Level I appeal for either grievance, which was a necessary step to exhaust the grievances. *Id.*; ECF 27-1 at 5; ECF 27-3 at 1.

In his response, Cotto concedes he did not fully exhaust either of his grievances related to his claims against the state defendants. The court therefore accepts that as undisputed. Instead, Cotto argues his administrative remedies were unavailable for two reasons.

First, Cotto argues his administrative remedies were unavailable because the grievance office's responses to Grievances 179043 and 183293 were not timely. ECF 40 at 11-14. Cotto is correct that the grievance office's responses were not timely. The Offender Grievance Process provides that "the Offender Grievance Specialist has fifteen (15) business days from the date that the grievance is recorded to complete an investigation and provide a response to the offender, unless the time has been extended." ECF 27-2 at 11. With regard to Grievance 179043, the grievance office issued a receipt for this grievance on May 22 and then waited until November 27 to issue its

4

response denying the grievance. ECF 27-4 at 15, 17. With regard to Grievance 183293, the grievance office issued a receipt for this grievance on July 11 and waited until November 27 to issue its response denying the grievance. *Id.* at 19, 21.

Here, while it is true the Grievance Specialists' responses to Grievances 179043 and 183293 were not timely, this did not make Cotto's appeal remedy unavailable for two reasons. First, the Offender Grievance Process provides that: "If the offender receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance, the offender may appeal as though the grievance has been denied." ECF 27-2 at 12. Because the grievance office issued receipts for both of Cotto's grievances, the Offender Grievance Process permitted Cotto to submit a Level I appeal for both of these grievances after twenty business days went by without a response from the grievance office. Thus, under the plain language of the Offender Grievance Process, Cotto could have submitted a Level I appeal for Grievance 179043 beginning June 20, 2024, and could have submitted a Level I appeal for Grievance 183293 beginning August 8, 2024.  It is undisputed he did not do so. And second, it is undisputed the grievance office issued its untimely responses to both of Cotto's grievances before Cotto filed this lawsuit, meaning Cotto's appeal remedy was available to him at the time he filed this lawsuit. *See Mayberry v. Schlarf*, No. 3:23-CV-64-JD-JEM, 2024 WL 4274856, at *3 (N.D. Ind. Sept. 24, 2024) (noting the date the inmate filed his lawsuit is the relevant date for determining whether his administrative remedies were available to him). The fact that the grievance office's responses to the grievances were untimely did not prevent Cotto from submitting appeals once he

5

received those responses. Accordingly, the Offender Grievance Process allowed Cotto to submit Level I appeals both (1) after twenty business days went by without a response to his grievances, and (2) after he received the grievance office's untimely responses to his grievances. For both of these reasons, the undisputed facts show Cotto had an available appeal remedy he did not exhaust before he filed this lawsuit.

Second, Cotto argues he submitted other grievances which were rejected by the grievance office for raising matters inappropriate to the grievance process. ECF 40 at 5-10. Cotto is referring to three grievances he submitted which were rejected by the grievance office: Grievances 170744, 171594, and 177296. ECF 27-4 at 3, 6, 9. In all three of these grievances, Cotto complained he was being denied program and employment opportunities because he was improperly classified as a gang member. *See id.* All three grievances were rejected by the grievance office for raising a classification issue which was not appropriate to the Offender Grievance Process. *Id.* at 2, 5, 8; *see* ECF 27-2 at 4 (stating that "Classification actions or decisions" such as job losses and security levels are matters inappropriate to the grievance process because "a separate classification appeals process is in place for this purpose.").

Here, the grievance office's rejection of Grievances 170744, 171594, and 177296 is not relevant to the exhaustion analysis because none of these grievances put the prison on notice of Cotto's claims against the state defendants. The purpose of a grievance is to alert prison officials to a problem so that action can be taken to remedy the problem. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *see also Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner satisfies the exhaustion requirement by

6

giving prison officials "notice of, and an opportunity to correct, a problem"). Thus, an inmate's grievance is sufficient to exhaust a claim if it raises the same claim as the lawsuit and provides enough information to indicate that the defendant is the target. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023). An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint." *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021).

In Grievances 170744, 171594, and 177296, Cotto alleged only that he was being denied program and employment opportunities because he was improperly classified as a gang member. *See* ECF 27-4 at 3, 6, 9. None of these grievances put the prison on notice of Cotto's claims that the state defendants were (1) subjecting him to unnecessary strip searches or (2) retaliating against him for filing grievances by subjecting him to repeated strip searches and transferring him to a long-term segregation unit. Thus, because Cotto's allegations in Grievances 170744, 171594, and 177296 did not give the prison "notice of, and an opportunity to correct" his allegations that the state defendants were violating his Eighth and First Amendment rights, these grievances are not relevant to the exhaustion analysis in this case. *See Schillinger*, 954 F.3d at 995-96.

Accordingly, the undisputed evidence shows Cotto did not exhaust his available administrative remedies because he never submitted Level I appeals for Grievances 179043 and 183293. It is undisputed Cotto had available appeal remedies for both of these grievances which he did not exhaust before he filed this lawsuit. Cotto, in his response, has not shown that his administrative remedies were unavailable. Therefore, the state defendants have met their burden to show Cotto did not exhaust all of his

7

available administrative remedies before filing this lawsuit. Summary judgment is warranted in favor of the state defendants.

*Medical defendants*

Cotto is proceeding against the medical defendants "for deliberate indifference to his need for mental health treatment in violation of the Eighth Amendment[.]" ECF 10 at 12. The Grievance Specialist attests Cotto never submitted any grievance related to his claim that he was denied mental health treatment. ECF 34-1 at 5-6. In his response to the state defendants – he filed no response relative to the medical defendants - Cotto does not dispute this attestation and does not argue or provide any evidence he ever submitted any grievance relevant to his claim against the medical defendants. Accordingly, because it is undisputed Cotto never submitted or exhausted any grievance relevant to his claim against the medical defendants, and Cotto has not shown his administrative remedies were in any way unavailable, the medical defendants have met their burden to show Cotto did not exhaust his available administrative remedies related to this claim before filing this lawsuit. Summary judgment is therefore warranted in favor of the medical defendants on this claim.

For these reasons, the court:

(1) GRANTS the state defendants' motion for summary judgment (ECF 27);

(2) GRANTS the medical defendants' motion for summary judgment (ECF 32); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against David Cotto and to close this case.

8

SO ORDERED on March 4, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT